# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| CLINTON R. NORMAN | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:18-CV-0256-KNM |
| v. | § | |
| | § | |
| CITY OF BIG SANDY | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is City of Big Sandy's First Amended Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings (ECF 33). Plaintiff filed a response to the motion to dismiss (ECF 36) and Defendant filed a reply (ECF 41). Defendant then filed City of Big Sandy's Motion for Summary Judgment (ECF 56), to which Plaintiff filed a response (ECF 60) and Defendant filed a reply (ECF 64). The case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. For the reasons below, the motions are **GRANTED**-in-part and **DENIED**-in-part.

## BACKGROUND

Plaintiff initiated this lawsuit in the 7th Judicial District Court, Smith County, Texas. The case was removed and filed in this court on June 5, 2018. Plaintiff states in the First Amended Complaint (ECF 21) that he was employed by the City of Big Sandy, Texas, as a police officer from November 2013 to February 15, 2018. Plaintiff asserts claims pursuant to the Texas Whistleblower Act, TEX. GOV'T CODE § 554.001 *et seq*. ("TWA"), and 42 U.S.C. § 1983.

Plaintiff states that, on December 9, 2017, his supervisor was reviewing a case file concerning an arrest made by one of Plaintiff's fellow officers. When reviewing the file, the supervisor allegedly concluded that the audio and video of the arrest did not support the officer's

1

affidavit, which stated that the arrestee gave him permission to search his vehicle. Plaintiff asserts that the supervisor asked him and another officer to independently review the audio and video. According to Plaintiff, both officers agreed with the supervisor that the audio and video of the arrest contradicted the arresting officer's affidavit concerning whether permission was given for a search. Plaintiff submits that he informed Big Sandy Police Chief Scott on December 14, 2017, that an officer provided false information in his affidavit. He complains, however, that nothing was done by Chief Scott to address the issue or investigate the matter.

As a result of Chief Scott's alleged failure to act, Plaintiff states that he discussed the matter with his father, a city councilmember. Plaintiff's father advised him to prepare and present a criminal investigation packet to Chief Scott. Plaintiff contends that Chief Scott continued to fail to address the matter after he presented the packet to him. Accordingly, Plaintiff discussed the matter again with his father. Plaintiff then presented the information that he gathered concerning his fellow officer's allegedly falsified affidavit to the Big Sandy City Attorney and the Upshur County District Attorney's Office. Plaintiff contends that Chief Scott, extremely upset with Plaintiff's actions, began procedures to terminate his employment, as well as his supervisor's employment and that of the officer who concurred with their opinion that the arresting officer falsified his affidavit.

Plaintiff alleges that Chief Scott provided him with an Internal Complaint on January 26, 2018. Plaintiff states that the complaint alleges that he violated the values and policies of City of Big Sandy, including "[i]mmoral, unlawful, or improper conduct which would tend to affect the employee[']s relationship to his job, his fellow workers, his reputation, or good-will in the community."[1] He then received an Amended Internal Complaint on February 8, 2018, "that had

---

[1] *See* Plaintiff's First Amended Complaint, ECF 21, at *5.

more details as the basis for investigations, which included false allegations and claims about violations of certain laws and policies/procedures."[2] According to Plaintiff, Chief Scott was the final policymaker for the Big Sandy Police Department. Alternatively, the City Council was the final policymaker.

Plaintiff alleges that Chief Scott presented him a Memorandum of Separation on February 15, 2018, alleging that Plaintiff violated department policies and terminating his employment. Plaintiff submits that the other officers involved in the matter also suffered adverse employment actions. Plaintiff appealed his termination to the Big Sandy City Council. At a meeting on April 17, 2018, the city council allegedly adopted new rules that limited the time for Plaintiff's presentation concerning his appeal and prevented him from having witnesses testify on his behalf. Plaintiff complains that the attorney representing Big Sandy Police Department conducted *ex parte* meetings with councilmembers during executive sessions. The City Council ultimately upheld Plaintiff's termination. Plaintiff asserts that his employment would not have been terminated but for his good faith reporting of potential illegal conduct by a fellow officer. As a result, Plaintiff submits that his termination is a violation of TWA. Similarly, he alleges that City of Big Sandy violated his First Amendment rights in violation of 42 U.S.C. § 1983.

In response to the First Amended Complaint, Defendant filed its First Amended Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings (ECF 33). Defendant's motion asserts that Plaintiff's First Amendment claim brought pursuant to § 1983 fails because the speech at issue was not protected, as it was speech made as an employee of the police department and not as a private citizen. Even if Plaintiff could show protected speech, Defendant asserted that Plaintiff did not establish the requirements for the City of Big Sandy to be liable. Defendant further argued

---

[2] *Id*.

that this Court lacks jurisdiction over Plaintiff's state law TWA claim and, alternatively, Plaintiff failed to establish a TWA claim.

Defendant then filed its motion for summary judgment asserting the same arguments for dismissal. The motion for summary judgment includes deposition excerpts and the traffic stop video that relates to the allegedly falsified police officer's affidavit. Defendant asserts that the speech at issue is not protected under the First Amendment because Plaintiff was not speaking as a citizen. Instead, he was speaking in his role as a police officer concerning information learned through his official duties. Defendant additionally asserts that this Court lacks jurisdiction over Plaintiff's TWA claim because the City's immunity to suit in federal court has not been waived.

The motion includes a "Statement of Material Facts." Pursuant to Local Rule CV-56(a), a motion for summary judgment shall include a "Statement of Undisputed Material Facts." The Court assumes that Defendant's "Statement of Material Facts" is its statement of material facts that are not in dispute. Plaintiff's response does not include a response to the "Statement of Material Facts," as required by Local Rule CV-56(b). Instead, Plaintiff's response includes a "Factual Background." The response does not identify which material facts asserted by Defendant are in dispute. Separately, Plaintiff filed Objections to Defendant City of Big Sandy's Summary Judgment Evidence (ECF 61), objecting to certain facts asserted in the motion for summary judgment and the supporting evidence on the ground that they contain hearsay or are based on speculation.

In his response, Plaintiff again asserts that he learned from his supervisor, Sgt. Kuhn, that a fellow police officer, Officer Gilow, submitted an affidavit that was factually inconsistent with a traffic stop video recording. Plaintiff states that he reviewed the video, read the affidavit and concluded that Officer Gilow conducted an illegal search and then lied about it in his affidavit.

4

Plaintiff states that he informed Chief Scott, but no action was taken. As a result, Plaintiff contends that he spoke to his father, a city councilman, about the situation. Plaintiff submits that he spoke to his father when he was off duty and out of uniform. He asserts that they discussed putting together a criminal offense report that would be submitted to Chief Scott.

Plaintiff states in his response: "On January 6, 2018, Norman put together his Offense Report for a Class A misdemeanor offense of perjury against Gilow, and included his statement, a copy of the traffic stop, a copy of Gilow's probable cause affidavit and offense report, and supplemental reports from Sergeant Kuhn and Officer Pradia." *See* Plaintiff's Response to Defendant Big Sandy's Motion for Summary Judgment and Brief in Support, ECF 60, at *5. Plaintiff asserts that the report was submitted to Sgt. Kuhn for review and approval and then was submitted to Chief Scott for a determination of what would happen next, "[a]s with any other criminal investigation." *Id*.

Plaintiff submits that he received a negative response from Chief Scott and again spoke to his father about the situation in his capacity as a concerned citizen. Plaintiff states that his father, Councilman Norman, received a copy of Officer Gilow's case file, minus audio and video recordings, from Sgt. Kuhn after the conclusion of the "criminal investigation" and took it to the City Attorney's office. *Id*. at 6. Plaintiff asserts that he received the Internal Complaint from Chief Scott concerning his conduct on the same day that the City Attorney contacted Chief Scott about the Officer Gilow packet. Plaintiff alleges that his employment was ultimately terminated because of his participation "in a criminal investigation and for speaking to members of city council about Gilow's false statements and Chief Scott's unethical behavior." *Id*. at *10.

Plaintiff argues in his brief that his communications with his father and other members of the city council were solely in his capacity as a private citizen and not as a police department

5

employee. Plaintiff asserts that this position is supported by the fact that his father was the city councilman designated to receive complaints from citizens about the police department. He submits that the speech at issue was made as a private citizen and is protected. Plaintiff additionally argues that Defendant waived its immunity defense for the state law TWA claim by removing this case to federal court.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and

inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

## ANALYSIS

*First Amendment Claim*

Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. 42 U.S.C. § 1983. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986).

Plaintiff asserts that his First Amendment right of free speech was violated by Defendant because his employment was terminated after he reported his belief that Officer Gilow misrepresented the facts in an affidavit. A public employee asserting a § 1983 claim for First Amendment retaliation must show: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (quoting *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)).

The motion for summary judgment focuses on the first part of the second element—whether Plaintiff was speaking as a citizen or an employee. An employee making statements pursuant to his official duties is speaking in his role as an employee, rather than as a citizen.

7

*Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951 (2006); *Nixon v. City of Houston*, 511 F.3d at 497. *Garcetti* concerned whether an internal memorandum prepared by a prosecutor in the course of his ordinary job responsibilities was protected speech. "When public employees speak 'pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.'" *Gibson v. Kilpatrick*, 773 F.3d 661, 667 (5th Cir. 2014) (quoting *Garcetti v. Ceballos*, 547 U.S. at 421). The First Amendment does not shield employees from discipline resulting from expressions made pursuant to their professional duties. *Garcetti v. Ceballos*, 547 U.S. at 426.

Not all speech concerning "information related to or learned through public employment," however, is unprotected. *Lane v. Franks*, 573 U.S. 228, 235, 134 S.Ct. 2369 (2014). It is necessary to balance the public employee's interests, as a citizen, with the government employer's interest "in promoting the efficiency of the public services it performs through its employees." *Id*. at 236 (quoting *Pickering v. Bd. of Ed. of Tp. High School Dist. 205, Will County, Illinois*, 391 U.S. 563, 568, 88 S.Ct. 1731 (1968)). In *Lane*, the Court held that a public employee's truthful sworn testimony, compelled by subpoena and occurring outside the scope of his ordinary job responsibilities, was protected by the First Amendment. *Id*.

The facts in this case are closely analogous to those in *Garcetti*. In *Garcetti*, Ceballos was employed as a deputy district attorney. At the request of a defense attorney, Ceballos reviewed an affidavit used by police to obtain a search warrant. Ceballos ultimately concluded that the affidavit used to obtain the warrant contained serious misrepresentations. *Garcetti v. Ceballos*, 547 U.S. at 420. Ceballos prepared a memo conveying his opinion that the affidavit included misrepresentations and including his recommendation on the matter to his supervisor. The Court explained:

> The controlling factor in Ceballos' case is that his expressions were made pursuant to his duties as a calendar deputy [citation omitted]. That consideration—the fact that Ceballos spoke as a prosecutor fulfilling a responsibility to advise his supervisor about how to best proceed with a pending case—distinguishes Ceballos' case from those in which the First Amendment provides protection against discipline. We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.

*Id*. at 421. Ceballos was conducting his daily professional activities, which included supervising attorneys, investigating charges, and preparing filings. *Id*. at 422. "When he went to work and performed the tasks he was paid to perform, Ceballos acted as a government employee." *Id*.

Here, the speech at issue concerns statements by Plaintiff that were made pursuant to his duties as a police officer. Whether Plaintiff was on or off duty or in or out of the office at the time the statements were made is not dispositive. *Gibson v. Kilpatrick*, 773 F.3d 661, 667 (5th Cir. 2014). Plaintiff's own statements in response to the motion for summary judgment belie his argument that he was speaking as a private citizen. Plaintiff expressly stated that he began looking into the matter at the request of his supervisor, he prepared an offense report, he submitted the offense report to his supervisor for review and approval, and he then submitted the offense report to the Chief of Police for a determination of the next step as with "any other criminal investigation." *See* Plaintiff's Response to Defendant Big Sandy's Motion for Summary Judgment and Brief in Support, ECF 60, at *5. Plaintiff refers to his activities as a "criminal investigation." *Id*. He is identified as the investigating officer on the offense report. These are all functions performed within the scope of Plaintiff's duties as a police officer.

The inquiry is a practical one[3] and the summary judgment evidence, as well as Plaintiff's statements in his brief, show that his statements were made as part of a criminal investigation

---

[3] *See Garcetti v. Ceballos*, 547 U.S. at 421.

pursuant to his duties as a City of Big Sandy police officer. Participating in a criminal investigation and preparing an incident report are ordinarily within the scope of a police officer's duties. Public employees are citizens who may have concerns as a citizen while also performing public duties. Public employees do not "renounce their citizenship" or relinquish their constitutional rights, but statements made pursuant to official duties are simply not protected by the First Amendment. *Lane v. Franks*, 573 U.S. at 237. There is no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law on Plaintiff's § 1983 claim.[4]

*Texas Whistlebower Act*

Plaintiff also asserts a claim pursuant to the Texas Whistleblower Act, TEX. GOV'T CODE § 554.001 *et seq*. The district court, after dismissing all federal claims, retains discretion over whether to exercise supplemental jurisdiction over any pendent state-law claims pursuant to 28 U.S.C. § 1367. *Wilson v. Tregre*, 787 F.3d at 326; *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 731 (5th Cir. 2011).

The TWA prohibits a state or local governmental entity from suspending or terminating "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002. Defendant asserts that this Court lacks jurisdiction to consider Plaintiff's TWA claim because immunity has not been waived. Governmental immunity is established by Texas common law and protects governmental entities, including cities, from being sued unless the Texas legislature has consented to suit. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003).[5]

---

[4] It is noted that Plaintiff's Objections to Defendant City of Big Sandy's Summary Judgment Evidence (ECF 61) do not concern any asserted facts that are relevant to the resolution of Plaintiff's § 1983 claim.
[5] Governmental immunity is distinguished from Eleventh Amendment immunity, which only applies to the state and its agencies or entities. *See Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002).

The TWA includes a waiver of immunity that states, "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." TEX. GOV'T CODE § 554.035. The chapter provides for a public employee to sue "in a district court of the county in which the cause of action arises or in a district court of Travis County." TEX. GOV'T CODE § 554.007. The Fifth Circuit has construed the waiver in § 554.007 to only waive immunity for suit in an appropriate state forum, and not in federal court. *Martinez v. Texas Dept. of Criminal Justice*, 300 F.3d 567, 575–76 (5th Cir. 2002).

Plaintiff does not dispute that the TWA does not waive governmental immunity for suit to be brought in federal court. Instead, Plaintiff argues that Defendant waived its immunity argument by removing this case to federal court. Plaintiff submits that the removal of the whole action results in a waiver of immunity.

A party's affirmative litigation conduct of removing a case to federal court, and thereby voluntarily invoking the federal court's jurisdiction, results in a waiver of sovereign immunity. *Lapides v. Bd. of Regents of the Univ. System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640 (2002) (finding that Eleventh Amendment immunity was waived for the remaining state law claim after the federal claim was dismissed where the case had been removed from state court). The Fifth Circuit also held that the *Lapides* "waiver-by removal rule, applies generally to any private suit which a state removes to federal court." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 242 (5th Cir. 2005). As a result, Defendant voluntarily invoked this Court's jurisdiction over the TWA claim by removing the lawsuit to federal court.

Defendant alternatively argues that Plaintiff does not have a viable TWA claim. Specifically, Defendant argues that Plaintiff did not have a good faith belief that Officer Gilow violated the law and Plaintiff cannot establish causation. Defendant submits that other law

11

enforcement officers concluded that no crime was committed by Officer Gilow and the grand jury rejected a perjury charge against Officer Gilow.

To succeed on a claim pursuant to the TWA, a plaintiff must show: (1) he is a public employee; (2) he acted in good faith in making a report; (3) the report involved a violation of law by an agency or employee; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation. *Tharling v. City of Port Lavaca*, 329 F.3d 422, 428 (5th Cir. 2003); *Duvall v. Texas Dep't of Human Services*, 82 S.W.3d 474, 478 (Tex.App.—Austin, Apr. 18, 2002). Stated differently, recovery requires a TWA plaintiff to show: (1) a good faith report of a violation of law; (2) that the report was made to an appropriate law enforcement authority; and (3) show a suspension or termination of employment, or other adverse personnel action, as a result of the report. *Serna v. City of San Antonio*, 244 F.3d 479, 482 (5th Cir. 2001); TEX. GOV'T CODE § 554.002.

Defendant's motion asserts that Plaintiff did not have a good faith belief that a violation of the law occurred. "Good faith" means that the employee believed that the conduct reported was a violation of law and the belief was reasonable in light of the employee's training and experience. *Texas Dept. of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002); *Wichita County v. Hart*, 917 S.W.2d 779 (Tex. 1996); TEX. GOV'T CODE § 554.002. Plaintiff submitted summary judgment evidence to support his assertion that Officer Gilow's affidavit included a misrepresentation concerning whether consent was provided for a search. Specifically, in addition to his own testimony, Plaintiff included deposition testimony from Sgt. Kuhn stating that he believed Plaintiff's offense report was true and that Officer Gilow performed an improper search.[6] He also submitted deposition testimony from the City Attorney, Andy Tefteller, stating his opinion that

---

[6] *See* Plaintiff's Response to Defendant Big Sandy's Motion for Summary Judgment and Brief in Support, ECF 60-1, at *168.

the video does not show verbal consent to search the vehicle and that the affidavit appears to include an incorrect statement.[7] Defendant argues that the traffic stop video clearly shows consent to a search, such that the Court could conclude Plaintiff did not have a good faith basis for believing a violation occurred. The Court reviewed the video, however, and does not agree that the video removes all doubt. As a result of the competing summary judgment evidence, there is a genuine dispute of material fact concerning whether Plaintiff had an objectively reasonable belief that a violation occurred.

Defendant next argues that Plaintiff cannot establish causation. The TWA requires a plaintiff to show that he was suspended or terminated because he reported a violation of the law in good faith to an appropriate law enforcement authority. *Texas Dept. of Human Services of State of Tex. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995). Defendant's motion states:

> Plaintiff's report to Chief Scott was not the reason for his termination. Plaintiff cannot engage in a series of policy violations and possible criminal acts, then try to cloak his illegalities under the guise of a good faith report of a violation of law. Plain and simple: Plaintiff was fired for his criminal conduct and policies violations exhaustively detailed in the disciplinary documents.

*See* City of Big Sandy's Motion for Summary Judgment and Brief, ECF 56, at *30. Defendant does not point to the specific evidence it is relying on for its conclusion that Plaintiff's termination did not result from his offense report about Officer Gilow.

In response, Plaintiff submits that Chief Scott's termination letter states that he was terminated because of the offense report he submitted concerning Officer Gilow. Plaintiff's response does not provide a citation for the termination letter and it is not included in the exhibits that were submitted with Plaintiff's response.[8] The Court takes judicial notice, however, that a

---

[7] *Id*. at 205.
[8] *See* Plaintiff's Response to Defendant Big Sandy's Motion for Summary Judgment and Brief in Support, ECF 60, at *21, ECF 60-1, at *1.

13

copy of the Memorandum of Separation was previously filed by Defendant with its motion to dismiss. *See* City of Big Sandy's First Amended Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings, ECF 33-5. The memorandum concludes that Plaintiff committed criminal violations and policy violations that resulted in the termination of his employment. All of the cited misconduct relates to or arises out of Plaintiff's activities in reporting perceived misconduct by Officer Gilow. On this record, Defendant has not shown that it is entitled to judgment as a matter of law on Plaintiff's TWA claim.

For these reasons, it is hereby

**ORDERED** that Defendant's Amended Motion to Dismiss (ECF 33) and Motion for Summary Judgment (ECF 56) are **GRANTED**-in-part and **DENIED**-in-part. The motions are granted as to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 and it is **DISMISSED** with prejudice. The Court exercises its discretion to retain supplemental jurisdiction over Plaintiff's Texas Whistleblower Act claim. The motions are **DENIED** as to Plaintiff's Texas Whistleblower Act claim.

So ORDERED and SIGNED this 30th day of September, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE